UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA

Victoria A. Mancha,

          Plaintiff,   Case No:

v.   **COMPLAINT**

Tegna Inc.,   DEMAND FOR JURY TRIAL

          Defendant.
_____/

Plaintiff Victoria A. Mancha ("*Plaintiff*"), by and through its undersigned counsel, for its Complaint against defendant Tegna Inc. ("*Defendant*") states and alleges as follows:

## INTRODUCTION

1. This action seeks to recover damages for copyright infringement.

2. Plaintiff herein creates photographic images and videos and owns the rights to these images which Plaintiff licenses for various uses including online and print publications.

3. Defendant owns and operates a social media account with the name of "10 Tampa Bay" on Youtube (the "*Account*").

4. Defendant owns and operates a website known as www.wtsp.com (the "*Website*").

5. Defendant, without permission or authorization from Plaintiff actively copied, stored, and/or displayed Plaintiff's Video on the Account and the Website engaged in this misconduct knowingly and in violation of the United States copyright laws.

## PARTIES

6. Plaintiff Victoria A. Mancha is an individual who is a citizen of the State of Florida and maintains a principal place of business at 3761 McGregor Blvd., Fort Myers in Lee County, Florida.

7. Upon information and belief, Defendant Tegna Inc., is a Delaware corporation with a principal place of business at 8350 Broad Street, Tysons in Fairfax County, Virginia and is liable and responsible to Plaintiff based on the facts herein alleged.

## JURISDICTION AND VENUE

8. This Court has subject matter jurisdiction over the federal copyright infringement claims pursuant to 28 U.S.C. §1338(a) and 28 U.S.C. §1331.

9. This Court has personal jurisdiction over Tegna Inc. because it resides in Florida.

10. Venue is proper under 28 U.S.C. §1391(a)(2) because Tegna Inc. does business in this Judicial District and/or because a substantial part of the events or omissions giving rise to the claim occurred in this Judicial District.

## FACTS COMMON TO ALL CLAIMS

11. Plaintiff is the legal and rightful owners of videos which Plaintiff licenses to online and print publications.

12. Plaintiff has invested significant time and money in building Plaintiff's portfolio.

13. Plaintiff has obtained active and valid copyright registrations from the United States Copyright Office (the "*USCO*") which cover many of Plaintiff's videos while many others are the subject of pending copyright applications.

14. Plaintiff's video is an original, creative work in which Plaintiff owns protectable copyright interests.

15. The Account is associated with Defendant.

16. Defendant has exclusive access to post content on Defendant's Account.

17. The Defendant is the registered owner of the Website and is responsible for its content.

18. The Defendant is the operator of the Website and is responsible for its content.

19. Defendant uses the Account to promote its business and Website.

20. The Website is monetized in that it generates revenue from paid advertisement space, and upon information and belief, Defendant profits from these activities.

21. On December 20, 2018, Plaintiff Victoria A. Mancha authored a video of a meteotsunami striking Captiva Island, Florida (the "*Video*"). A copy of a single frame screengrab from the Video is attached hereto as Exhibit 1.

22. Plaintiff applied to the USCO to register the Video on or about March 11, 2019 under Application No. 1-7486584259.

23. The Video was registered by the USCO on March 11, 2019 under Registration No. PA 2-172-753.

24. On March 12, 2019, Plaintiff observed the Video on the Account in a post dated December 21, 2018. A copy of a screengrab of the Account including the same single frame screengrab from the Video is attached hereto as Exhibit 2: #1.

25. A copy of the Video was displayed on the Account at www.youtube.com at the following URL: https://www.youtube.com/watch?v=OFdKhzb48U4.

26. On March 8, 2019, Plaintiff observed the Video on the Website in a post dated December 21, 2018. A copy of a screengrab of the Account including a single frame screengrab from the Video is attached hereto as Exhibit 2: #2.

27. A copy Video is displayed on the Website at URL: https://www.wtsp.com/video/weather/weather-explainer/mini-tsunami-washes-ashore-on-captiva-island/67-8382112.

28. Upon information and belief, the Defendant further displayed the Video on its regularly scheduled programming in further violation of Plaintiff's rights.

29. Without permission or authorization from Plaintiff, Defendant volitionally selected, copied, stored and/or displayed Plaintiff's copyright protected Video as is set forth in Exhibit "1" on the Account and the Website.

30. Upon information and belief, the Video was copied, stored and displayed without license or permission, thereby infringing on Plaintiff's copyrights (hereinafter the "*Infringement*").

31. The Infringement includes a URL ("*Uniform Resource Locator*") for a fixed tangible medium of expression that was sufficiently permanent or stable to permit it to be communicated for a period of more than a transitory duration and therefore constitutes a specific infringement. *17 U.S.C. §106(5); Perfect 10, Inc. v. Amazon.com, Inc.,* 508 F.3d 1146, 1160 (9th Cir. 2007).

32. The Infringement is an exact copy of the entirety of Plaintiff's original image that was directly copied and stored by Defendant on the Account and the Website.

33. Upon information and belief, Defendant takes an active and pervasive role in the content posted on its Account and the Website, including, but not limited to copying, posting, selecting, commenting on and/or displaying images including but not limited to Plaintiff's Video.

34. Upon information and belief, the Video was willfully and volitionally posted to the Account and the Website by Defendant.

35. Upon information and belief, Defendant engaged in the Infringement

knowingly and in violation of applicable United States Copyright Laws.

36. Upon information and belief, Defendant had complete control over and actively reviewed and monitored the content posted on the Account.

37. Upon information and belief, Defendant had complete control over and actively reviewed and monitored the content posted on the Website.

38. Upon information and belief, Defendant has the legal right and ability to control and limit the infringing activities on its Account and its Website and exercised and/or had the right and ability to exercise such right.

39. Upon information and belief, Defendant has received a financial benefit directly attributable to the Infringement.

40. Upon information and belief, the Infringement increased traffic to the Account and the Website, in turn, caused Defendant to realize an increase in its advertising revenues.

41. Upon information and belief, a large number of people have viewed the unlawful copies of the Video on the Account and the Website.

42. Upon information and belief, Defendant at all times had the ability to stop the reproduction and display of Plaintiff's copyrighted material.

43. Defendant's use of the Video, if widespread, would harm Plaintiff's potential market for the Video.

44. As a result of Defendant's misconduct, Plaintiff has been substantially harmed.

## FIRST COUNT
### (Direct Copyright Infringement, 17 U.S.C. §501 et seq.)

45. Plaintiff repeats and incorporates by reference the allegations contained in the preceding paragraphs, as though set forth in full herein.

46. The Video is an original, creative work in which Plaintiff owns valid copyright properly registered with the United States Copyright Office.

47. Plaintiff has not licensed Defendant the right to use the Video in any manner, nor has Plaintiff assigned any of its exclusive rights in the copyrights to Defendant.

48. Without permission or authorization from Plaintiff and in willful violation of Plaintiff's rights under 17 U.S.C. §106, Defendant improperly and illegally copied, stored, reproduced, distributed, adapted, and/or publicly displayed works copyrighted by Plaintiff thereby violating one of Plaintiff's exclusive rights in its copyrights.

49. Defendant's reproduction of the Video and display of the Video constitutes willful copyright infringement. *Feist Publications, Inc. v. Rural Telephone Service Co., Inc.*, 499 U.S. 340, 361 (1991).

50. Plaintiff is informed and believes and thereon alleges that the Defendant willfully infringed upon Plaintiff's copyrighted Video in violation of Title 17 of the U.S. Code, in that they used, published, communicated, posted, publicized, and otherwise held out to the public for commercial benefit, the original and unique Video of the Plaintiff without Plaintiff's consent or authority, by using it in the infringing posts on the Account and the Website.

51. As a result of Defendant's violations of Title 17 of the U.S. Code, Plaintiff is entitled to an award of actual damages and disgorgement of all of Defendant's profits attributable to the infringement as provided by 17 U.S.C. § 504 in an amount to be proven or, in the alternative, at Plaintiff's election, an award for statutory damages against Defendant in an amount up to $150,000.00 for each infringement pursuant to 17 U.S.C. § 504(c).

52. As a result of the Defendant's violations of Title 17 of the U.S. Code, the court in its discretion may allow the recovery of full costs as well as reasonable attorney's fees and costs pursuant to 17 U.S.C. § 505 from Defendant.

53. As a result of Defendant's violations of Title 17 of the U.S. Code,

Plaintiff is entitled to injunctive relief to prevent or restrain infringement of his copyright pursuant to 17 U.S.C. § 502.

## SECOND COUNT
### *(Falsification, Removal and Alteration of Copyright Management Information 17 U.S.C. § 1202)*

54. Plaintiff repeats and incorporates, as though fully set forth herein, each and every allegation contained in the preceding paragraphs, as though set forth in full herein.

55. Defendant was not the author of the Video.

56. Upon information and belief, Defendant's falsification of the Video, by placing under the Video on the Website "Author: wtsp.com" was made without the knowledge or consent of Plaintiff.

57. Upon information and belief, the falsification was made by Defendant intentionally, knowingly and with the intent to induce, enable, facilitate, or conceal their infringement of Plaintiff's copyright in the Photograph.

58. Upon information and belief, Defendant knew, or should have known, that such falsification, alteration and/or removal of said copyright management information would induce, enable, facilitate, or conceal their infringement of Plaintiff's copyright in the Photograph.

59. Plaintiff has sustained significant injury and monetary damages as a result of Defendant' wrongful acts as hereinabove alleged, and as a result of being involuntarily associated with Defendant in an amount to be proven.

60. As a result of Defendants' violations of Title 17 of the U.S. Code, pursuant to 17 U.S.C. § 1203(c)(2), Plaintiff is entitled to an award of the actual damages suffered as a result of the violation including any profits of the Defendant attributable to the violation or, alternatively, Plaintiff may elect to recover from Defendant statutory damages pursuant to 17 U.S.C. § 1203(c)(3) in a sum of at

least $2,500 up to $25,000 for each violation of 17 U.S.C. § 1202.

61. As a result of the Defendants' violations of Title 17 of the U.S. Code, the court in its discretion may allow the recovery of full costs as well as reasonable attorney's fees and costs pursuant to 17 U.S.C. § 1202(b)(4) and (5) from Defendants.

## JURY DEMAND

62. Plaintiff hereby demands a trial of this action by jury.

## PRAYER FOR RELIEF

**WHEREFORE** Plaintiff respectfully requests judgment as follows:

That the Court enters a judgment finding that Defendant has infringed upon Plaintiff's rights to the Video in violation of 17 U.S.C. §501 et seq. and award damages and monetary relief as follows:

a. finding that Defendant infringed upon Plaintiff's copyright interest in the Video by copying and displaying without a license or consent;

b. for an award of actual damages and disgorgement of all of Defendant's profits attributable to the infringement as provided by 17 U.S.C. § 504 in an amount to be proven or, in the alternative, at Plaintiff's election, an award for statutory damages against Defendant in an amount up to $150,000.00 for each infringement pursuant to 17 U.S.C. § 504(c), whichever is larger;

c. for an award of actual damages or, in the alternative, statutory damages against Defendant in an amount up to $25,000.00 for the falsification of copyright management information pursuant to 17 U.S.C. § 1202;

d. for an order pursuant to 17 U.S.C. § 502(a) enjoining

        Defendant from any infringing use of any of Plaintiff's works;

e.     for costs of litigation and reasonable attorney's fees against Defendant pursuant to 17 U.S.C. § 505; and/or 17 U.S.C. §1203(b)(5);

f.     for pre judgment interest as permitted by law; and

g.     for any other relief the Court deems just and proper.

DATED: February 1, 2022

**SANDERS LAW GROUP**

By:   */s/ Craig B. Sanders*
Craig B. Sanders, Esq. (Fla Bar 985686)
100 Garden City Plaza, Suite 500
Garden City, NY 11530
Tel: (516) 203-7600
Email: csanders@sanderslaw.group
File No.: 123447

*Attorneys for Plaintiff*